**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 30 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LINA ZHUANG,

      Plaintiff-Appellant,

v.

J.D. EDWARDS & COMPANY,

      Defendant-Appellee.

No. 00-1399
(D.C. No. 97-WM-2724)
(D. Colo.)

---

ORDER AND JUDGMENT  *

---

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.    See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Appellant Lina Zhuang is an Asian female who worked for ten months in 1995 and 1996 as a Chinese translator for appellee J.D. Edwards & Company.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant was hired at will to work on temporary translation projects, and was recommended for the next available full-time position. When she did not get a full-time position, she did not return to work. Her suit alleged unlawful discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e through § 2000e-17; breach of an implied contract; and failure to pay overtime in violation of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201-219.

The district court granted summary judgment in favor of appellee on appellant's discrimination, retaliation, and breach of contract claims. It entered judgment for her on her FLSA claim in the amount of $2,772.20. Appellant, representing herself, appeals from the grant of summary judgment in favor of appellee. In a paper styled "Motion To Correct Designations Of Order And Judgment Being Appealed And To Be Reviewed," appellant seeks to amend her notice of appeal to specify her intent to appeal from two orders that preceded the district court's final, amended judgment of September 5, 2000. The motion is untimely. See Fed. R. App. P. 4(a)(1)(A). Moreover, "[a] notice of appeal that names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment under the general rule that appeal from a final judgment supports review of all earlier interlocutory orders." Cole v. Ruidoso Mun. Sch., 43 F.3d 1373, 1382 n.7 (10th Cir. 1994) (quotation omitted). Because

appellant's notice of appeal named the district court's amended judgment, her motion to correct designations is denied as moot.

We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo, using the same standard as the district court. Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239 (10th Cir. 2001). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Appellant expressed concern that the court allowed appellee to borrow the original record on appeal in her "Opposition To Appellee's Action And Response To Its Request," filed on December 13, 2000, and her "Motion For Relief From Order" and "Request For Review Of Record On Appeal," both filed on April 2, 2001. We have carefully examined the record on appeal and find that it is complete and there is no indication that appellee made any alterations to it. Appellant's motions related to this question are therefore denied as moot.

In response to appellee's motion, we strike appellant's "Motion To Dismiss Appellee's Brief And Motion To Impose Sanctions" filed on February 6, 2001. Appellant's motion is thirty-seven pages long (not including attachments), addresses the merits of the case, and has the appearance of an oversized reply

brief. We therefore view appellant's motion as an attempt to circumvent this court's February 1, 2001 order restating that appellant's request to file an oversized reply brief was denied and that her reply brief, not to exceed fifteen pages, was due no later than February 2, 2001. Appellant's complaint about the procedural operations of this court expressed in her "Urgent Motion For Order Inquiring From Circuit Judges Murphy And Porfilio" filed on January 31, 2001, is without merit and the motion is denied.

We have carefully considered appellant's arguments in light of the parties' briefs and the record on appeal. We find no error, and affirm for substantially the same reasons as those set forth in the district court's June 25, 1999 order.

Appellee's "Motion To Strike 'Appellant's Motion To Dismiss Appellee's Brief And Motion To Impose Sanctions'" is granted. Appellant's outstanding motions are denied. The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge